GEOFFREY E. WIGGS (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk Street, Suite # 350
San Mateo, Ca 94403-1171
Telephone: (650) 577-5952
Facsimile: (650) 577-5953
geoff@wiggslaw.com

Attorney for Plaintiff
**Michael Grodsky**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>   Monica H. Hujazi,<br><br>                Debtor.<br><br>_____<br><br>Michael Grodsky,<br><br>                Plaintiff,<br><br>                Vs.<br><br>Monica H. Hujazi,<br><br>                Defendant. | Case No. 13-30477-7-HLB<br><br>Chapter 7 (Involuntary)<br><br>Adv. Proc. No.:<br><br>**Hon. Hannah Blumensteil**<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND TO DENY DEBTOR A DISCHARGE PURSUANT TO 11 U.S.C. 727(a)**<br><br>**[11 U.S.C. §727(a)]** |

Plaintiff Michael Grodsky alleges as follows:

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 et seq. This Court has jurisdiction to hear, determine and enter a final judgment in this adversary proceeding as it is a core proceeding pursuant to 28 U.S.C. §1334(b) and §157(b)(l) and (2)(i), and venue is proper pursuant to 28 U.S.C. §1409.

2. Plaintiff and Creditor Michael Grodsky ("Plaintiff") brings this adversary proceeding asking that the Court deny Debtor's discharge pursuant to 11 U.S.C. sections 727(a)(2), 727(a)(3)-(4), 727(a)(6)(A), and 727(a)(7).

## JURISDICTION/VENUE

3. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 151, 157(b)(2), and 1334, and under Rule 5011-1 of the Bankruptcy Local Rules for the Northern District of California.

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (J).

5. Venue is proper under 28 U.S.C. § 1409.

6. Plaintiff is informed and believes that Defendant is an individual who resides in California and who is the Debtor in the above case.

## BACKGROUND

7. On March 1, 2013, creditors Recoverex Corp., Michael Grodsky ("**Plaintiff**"), Harold Greenberg, and Allen Hyman filed an involuntary Chapter 7 petition against debtor Monica Hujazi ("Debtor") in the San Francisco Division of the United States Bankruptcy Court for the Northern District of California. **Docket 1**.

8. On November 30, 2015 the Court granted a Motion for Summary Judgment brought by the Petitioning Creditors and entered an Order for Relief. **Docket 342**.

9. On December 14, 2015 Debtor filed a Motion to Vacate or Amend Judgment. Docket 347. The Court denied Debtor's motion January 14, 2016. **Docket 381**.

10. On December 31, 2015 the Court issued an Order requiring Debtor to file bankruptcy schedules. **Exhibit 1**.

COMPLAINT – DENIAL OF DISCHARGE                                     Core Case 13-30477-HLB-7i

- 2 -

11. On January 21, 2016 Debtor filed bankruptcy schedules, including Schedule A/B and a Statement of Financial Affairs. **Exhibits 2, 3, 4, and 5**.

12. The schedules filed appear incomplete and are frequently barely legible; written in hand rather than typed, and with numerous interlineated notes, call-outs, and cross-outs. *Id.* Because of the size of the electronic file containing these schedules, schedule A/B was filed as three separate .PDF files. **Exhibits 2, 3, 4**.

13. On January 27, 2016, Debtor filed a Notice of Appeal with the 9th Circuit Bankruptcy Appellate Panel ("BAP") seeking to overturn the Order of Relief entered by the Court at Docket 342. **Docket 392**.

14. The BAP issued a decision on July 12, 2017 upholding the Court's prior Order and Judgment. **Dockets 586 through 589**.

15. Perhaps unsurprisingly, Debtor has been reluctant to assist Petitioning Creditors in the discovery of assets and refused to cooperate through disclosure of same.

16. However; regardless of Debtor's exhibited animus towards the Involuntary Bankruptcy Process she remains obligated to fully and accurately disclose the property of her estate.

17. By the Debtor's stipulation and this Court's order, the deadline for objecting to Debtor's discharge is December 18, 2017. **Docket 618**.

## INVESTIGATION

18. Concurrent with the numerous and voluminous procedural filings involved in this case, the Creditors affected by Defendant's extensive history of failure to pay her debts and obligations have continued to conduct independent investigation into potential estate assets.

19. Through these inquiries Creditors have unearthed several significant assets which should have been included in Debtor's bankruptcy estate, including rights to a 2006 Mercedes McLaren.

20. Creditors' ongoing investigation has also disclosed a number of bank accounts which Debtor failed to properly schedule or disclose.

## FIRST CLAIM FOR RELIEF
## DENIAL OF DISCHARGE - 11 U.S.C. § 727(a)(2)
## 2006 MERCEDES MCLAREN

### 1) CONCEALMENT/ NON-DISCLOSURE

21. Debtor's filed bankruptcy schedules disclose three vehicles: a 2007 Toyota Tundra, a 2010 Acura RDX, and a 2004 Mercedes CLK. **Exhibit 2 at pp. 13-14**.

22. Debtor did not disclose any lease of a vehicle. **Exhibit 2 at pp. 13-14**.

23. However, Debtor was in possession of a fourth vehicle at the time she provided and filed these schedules: a 2006 Mercedes McLaren.

24. During an August 27, 2015 deposition, Debtor testified under oath that the Mercedes McLaren was located at her (then) residence. True and correct copies of excerpts of that testimony are attached as **Exhibit 6**.

25. Debtor also testified that the McLaren had been purchased under a lease-acquisition contract and that the vehicle had been acquired under the terminal lease provisions of that contract in 2012, prior to the filing of the bankruptcy petition in this case. **Exhibit 6 at 348:7-15, 349:1-8**.

26. Debtor further testified she had "gifted" the McLaren to her 16-year old daughter in April 2013. **Exhibit 6 at 347:10-13**.

27. On information and belief, supported by Plaintiff's and Creditors' investigation into this matter, this purchase was a fraudulent transfer.

28. At the time of the filing of the involuntary petition, the vehicle was not registered with the California Department of Motor Vehicles and was not disclosed on Debtor's schedules.

29. Debtor failed to disclose the vehicle on her filed schedules and further omitted any mention of the lease-acquisition contract on her schedules. Debtor's "Schedule G: Executory Contracts and Unexpired Leases" (**Exhibit 4 at p. 5**) discloses two executory contracts, neither of which relates to, or discloses, the Mercedes McLaren.

30. Debtor failed to disclose

   1) The existence of this vehicle,

   2) the related six-figure lease-purchase contract, or

   3) the terminal purchase of the vehicle under the contract.

31. This contract was open and executory as of the petition date.

32. At the August 27, 2015 deposition, the Debtor misrepresented the facts when testifying that the payoff of the McLaren took place pre-petition, in 2012. This is untrue. The lease-acquisition contract was not paid off until March 7, 2013 (post- petition).

33. On information and belief, Debtor paid off the Manhattan Leasing Ltd contract with a wire transfer from the SF Corners, LLC account at East/West Bank. **Exhibit 7.**

34. **Exhibit 7** is a wire transfer request from the East/West Bank account of SF Corners, LLC to a CitiBank account for Manhattan Leasing Enterprises Ltd for $13,400, which Plaintiff on information and belief asserts was the pay-off amount for the McLaren.

35. The wire transfer is signed by Debtor and dated March 7, 2013 (post-petition). *Id.*

COMPLAINT – DENIAL OF DISCHARGE                                   Core Case 13-30477-HLB-7i

- 5 -

Case: 17-03088    Doc# 1    Filed: 12/18/17    Entered: 12/18/17 18:29:47    Page 5 of 11

36. Debtor's conduct with respect to the McLaren and her rights to the McLaren under the Manhattan Leasing Ltd contract was purposeful, deliberate, and designed to conceal the asset; hindering the Trustee's ability to capture and liquidate the asset for the benefit of her creditors.

37. Debtor's conduct as described above was done with the intent to hinder, delay, or defraud the Trustee and creditors.

38. Because the debtor affirmatively deceived the Creditors and the Trustee about her rights to and ownership of the McLaren vehicle and the Estate's interest in that vehicle, Debtor should be denied the possible benefits of a discharge under this chapter pursuant to 11 U.S.C. section 727(a).

### B. LEGAL IMPOSSIBILITY

39. Debtor's assertion the McLaren was a "gift" to her daughter is not possible under California law, and as such is a legal impossibility.

40. Official records from the California Department of Motor Vehicles reveal a filing by Manhattan Leasing Enterprises, Ltd. showing Monica Hujazi as the "buyer" of the McLaren. A certified copy of "DMV Vehicle Registration Information" reports for the McLaren are attached here as **Exhibit 10**.

41. Further investigation by Plaintiff and Creditors shows that Debtor's daughter was born on April 2, 1997 (**Exhibit 9**) and was not a California licensed driver until August 22, 2013. **Exhibit 8**.

42. California Vehicle Code section 15500 provides:

> It is unlawful for any minor who does not possess a valid driver's license issued under this code to order, purchase or lease, attempt to purchase or lease, contract to purchase or lease, accept, or otherwise obtain, any vehicle of a type subject to registration.

COMPLAINT – DENIAL OF DISCHARGE                                   Core Case 13-30477-HLB-7i

- 6 -

Case: 17-03088    Doc# 1    Filed: 12/18/17    Entered: 12/18/17 18:29:47    Page 6 of 11

43. Therefore, under the provisions of the California Vehicle Code, Debtor could not have lawfully "gifted" this, or any other vehicle, to her daughter until August 22, 2013.

44. No records of any kind obtained or produced thus far evidence Debtor's daughter (Jacqueline Zuercher) as the "owner" of the McLaren.

45. The impossibility of this alleged 'gift' is further evidence of affirmative attempts by Debtor to deceive the Court, the Trustee, and her creditors.

46. Because of this pattern of deceitful behavior, Debtor should be denied the possible benefits of a discharge under this chapter pursuant to 11 U.S.C. section 727(a).

### C. RELATED ADVERSARY COMPLAINT BY TRUSTEE

47. On December 15, 2017 the Trustee filed adversary proceeding 17-03087, *Janina M. Hoskins, Trusee v. Monica Hujazi, Defendant*. The Trustee's adversary proceeding seeks to deny Debtor's discharge pursuant to 11 U.S.C. section 727(a) for Debtor's failure to disclose the vehicle on her schedules.

48. As the claim made by the Trustee against Debtor is substantially similar with the claims made herein by Plaintiff, Plaintiff will not object to such procedural or administrative consolidation of the two cases as the Court may deem appropriate.

### SECOND CLAIM FOR RELIEF
### DENIAL OF DISCHARGE - 11 U.S.C. § 727(a)(4)(A)
### FALSE OATH

49. Debtor has attempted to obfuscate her ownership of the McLaren by claiming it was given as a 'gift' to her daughter; neither her deposition testimony nor her schedules support this position.

50. On January 21, 2016 Debtor filed a Statement of Financial Affairs which was signed under penalty of perjury. **Exhibit 5**.

51. Item 13 of the Statement of Financial Affairs (SOFA) requires the Debtor to list all gifts with a total value of more than $600 per person.  **Exhibit 5, p. 6**.

52. It is well established that, despite differences of opinion over the exact value, the McLaren is worth significantly more than $600.

53. In Item 13 of the SOFA, Debtor checked the box indicating "No," affirmatively stating that she had not made any gifts valued over $600 within the two years prior to filing.

54. In Debtor's deposition testimony, Debtor declares that she transferred the McLaren to her daughter Jacquelyn Zuercher around April 2013.  **Exhibit 6, p. 347:10-13**.

55. The inconsistency between Debtor's testimony and her filed schedules support an inference that Debtor, in either one or both of these venues, has committed perjury.

56. Debtor's conduct this instance was both knowing and intentional and done with the intent to hinder, delay, or defraud both the Trustee and creditors.

57. The inconsistency between Debtor's schedules (filed under oath) and the assertions made by Debtor in deposition all support an inference that Debtor has made a false oath, either in her schedules or in her deposition testimony; and as such, has violated the provisions of 11 U.S.C. section 727(a)(4)(A).

### THIRD CLAIM FOR RELIEF
### DENIAL OF DISCHARGE - 11 U.S.C. §§ 727(a)(3), 727(a)(4)
### Failure to Maintain Records

58. Anticipating Debtor's refusal to cooperate in the underlying involuntary bankruptcy filing, Plaintiff and other Creditors of Debtor have undertaken significant background investigation into Debtor's financial affairs.  These investigations were conducted to assist the Trustee in recovering assets for the estate.

59. Through this investigation, Plaintiff, with the support of the other Creditors in this case, has recovered voluminous bank records which evidence financial accounts not disclosed in Debtor's schedules and appear to have been purposefully concealed or obfuscated by Debtor to evade the Trustee.

60. Plaintiff alleges that Debtor has knowingly and fraudulently withheld these records from officers of the estate. **11 U.S.C. § 727(a)(4)(D).**

61. Minimally, Debtor's failure to maintain and produce records and information on these accounts on request is sufficient to support Plaintiff's allegation that Debtor has concealed, destroyed, or failed to keep or preserve books, documents, records, and papers, from which the Debtor's financial condition might be ascertained. **11 U.S.C. § 727(A)(3)**.

62. In sub-section 17: Deposits of Money, Schedule A/B: Property, Part 4 "Describe your financial assets" Debtor was directed to disclose all "legal or equitable interest[s]" in checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions.

63. In response to this request, Debtor disclosed the following:

| | | | |
|---|---|---|---|
| 1) | Checking account: | Wells Fargo | $15,700 |
| 2) | Checking account: | Wells Fargo | $1,600 |
| 3) | Savings account: | Citi Bank | -- |
| 4) | Savings account: | Andrea Wirum | -- |
| 5) | Certificates of Deposit: | East West Bank | $447,000 |
| 6) | Other Financial Account: | Torney Pines | unknown |

64. Debtor's list is incomplete, inaccurate, and misleading; and no specific identifying information has been provided for any of the accounts Debtor purports to disclose.

65. Through an examination of voluminous business records abandoned by both the Debtor and the Trustee, Creditors and Plaintiff have compiled a list of all financial accounts to which Debtor may have a signatory, legal, or equitable relationship.

66. Plaintiff and Creditor's investigation has revealed the following financial accounts that Debtor appears to have had a legal or equitable interest in at the time of the filing of the petition:

| **Bank** | **Acct #** | **Primary Holder** | **First Active** | **Last Active** |
|---|---|---|---|---|
| Bay View Bank | 5959 | Helena Wilhemina Hujazi | 9/16/1999 | _____ |
| Citibank | 4500 | Bay Cities Financial Corporation | 7/29/2010 | 9/7/2010 |
| Citibank | 9810 | Monica H. Hujazi | 9/29/2014 | _____ |
| East West Bank | 0741 | SF Corners | 10/2/2013 | 12/20/2013 |
| First Republic Bank | 8393 | Monica H. Hujazi Trustee | 2/14/2006 | 10/9/2009 |
| Wells Fargo Bank, N.A. | 1922 | M & J Real Estate Appraisal | 1/12/2001 | 10/13/2013 |
| Wells Fargo Bank, N.A. | 3225 | 376 Ellis Street, LLC | 12/18/2012 | _____ |
| Wells Fargo Bank, N.A. | 4124 | Los Feliz/Alexandria Court Apt | 6/26/2008 | 12/11/2009 |
| Wells Fargo Bank, N.A. | 4627 | Bay Cities Properties | 8/1/2006 | 7/30/2014 |
| Wells Fargo Bank, N.A. | 5045 | 376 Ellis Street, LLC | 3/31/2015 | 10/18/2015 |
| Wells Fargo Bank, N.A. | 5900 | Brownstone Lofts | 6/7/2006 | 5/31/2011 |
| Wells Fargo Bank, N.A. | 6829 | Emerald Parc | 12/25/2011 | _____ |
| Wells Fargo Bank, N.A. | 7071 | Sterling Towers | 12/1/2006 | 6/8/2012 |
| Wells Fargo Bank, N.A. | 7302 | Monica H. Hujazi | 5/14/2010 | 6/22/2015 |
| Wells Fargo Bank, N.A. | 7315 | Bay Cities Financial Corporation | 5/23/2003 | 7/12/2012 |
| Wells Fargo Bank, N.A. | 7920 | 376 Ellis Street, LLC | 4/16/2014 | 7/17/2014 |
| Wells Fargo Bank, N.A. | 8393 | Los Feliz/Alexandria Court Apt | 4/10/2007 | 10/8/2008 |
| Wells Fargo Bank, N.A. | 8562 | Helena W. Hujazi | 1/9/2003 | 11/23/2003 |
| Wells Fargo Bank, N.A. | 9357 | Uptown/Sterling Towers, LLC | 4/2/2011 | 7/25/2014 |

67. It is entirely possible that some of these accounts may have been abandoned or closed by Debtor outside of the time-period for which reporting and disclosure would be required.

68. However, it is apparent that not all of these accounts can be so dismissed.

COMPLAINT – DENIAL OF DISCHARGE                                    Core Case 13-30477-HLB-7i

69. Debtor's failure to make an accurate disclosure of accounts in which she had a legal or equitable interest points to a general lack of cooperation and candid-ness on her behalf in this process.

70. Debtor's failure to make complete and accurate disclosure further supports Plaintiff's assertion that Debtor should be denied discharge pursuant to 11 U.S.C. 727(a).

## CONCLUSION

71. Debtor has consistently and repeatedly refused to cooperate and attempted to frustrate the Court, the Trustee, and Debtor's lawful creditors during the course of this involuntary chapter 7 filing.

72. Debtor has further attempted to hinder, delay, or defraud the Court, the Trustee, and her creditors through her failures to properly disclose assets belonging to the bankruptcy estate.

73. Debtor's failure and refusal to cooperate in these proceedings should not be rewarded; the Court should deny Debtor's discharge to allow her creditors to continue to pursue such later-discovered assets as may be uncovered after the completion of this case.

74. Plaintiff respectfully requests that the Court

    1) Enter judgment in favor of Plaintiff, denying Debtor's discharge pursuant to the above-referenced clauses of 11 U.S.C. 727;

    2) For costs of suit; and

    3) For such further relief as this Court deems appropriate.

oo0oo

Respectfully submitted:

**Law Offices Of Geoff Wiggs**

Dated: December 18, 2017      /s/ *Geoffrey E. Wiggs, Esq.*
**Geoffrey E. Wiggs, Esq.**
Attorney for Plaintiff

COMPLAINT – DENIAL OF DISCHARGE      Core Case 13-30477-HLB-7i